IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RAUL TRONCO-RAMIREZ, #15674-084**                                                                    **PETITIONER**

**VERSUS**                                                  **CIVIL ACTION NO. 3:14-cv-700-DPJ-FKB**

**WARDEN BONITA MOSLEY**                                                                       **RESPONDENT**

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Raul Tronco-Ramirez is a federal inmate presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After reviewing the Petition [1] and Response [5], in conjunction with the relevant legal authority, the Court concludes that this case should be dismissed.

**I.    Background**

On November 1, 2011, in the United States District Court for the Western District of Virginia, Tronco-Ramirez pled guilty to and was convicted of: (1) conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846; (2) possession, with intent to distribute, of 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841; and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (c). *United States v. Tronco-Ramirez*, Crim. Action No. 5:10-cr-28 (W.D. Va. 2011). The court sentenced Tronco-Ramirez to serve 300 months in prison and five years of supervised release. His convictions and sentences were affirmed by the Fourth Circuit Court of Appeals. *United States v. Tronco-Ramirez*, No. 11-5215 (4th Cir. 2012). And the sentencing court thereafter denied his motion to vacate pursuant to 28 U.S.C. § 2255 on May

21, 2013.  The Fourth Circuit likewise denied his request for a certificate of appealability.  *See Tronco-Ramirez v. United States*, Civ. Action No. 5:12-cv-80534 (W.D. Va. 2013), *appeal dismissed*, No. 13-6926 (4th Cir. 2013).

Tronco-Ramirez now claims that he is entitled to habeas relief because he is "actually innocent of the 21 U.S.C. § 924(c) [ ] conviction" because the "trading of guns does not comport to the use or carry of a firearm in furtherance of a drug trafficking crime."  Pet. [1] at 6-7.  He argues that his 300-month sentence is unreasonable and the correct sentencing guideline range is 108 to 135 months.  Resp. [5] at 1-2.  Tronco-Ramirez therefore asks this Court to vacate his 300-month sentence and re-sentence him within the guideline range that he believes is applicable.  *Id*.; Pet. [1] at 8.

**II.     Analysis**

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).  But a motion filed pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Thus the proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255.  *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

There is, however, an exception to this rule.  "Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241."  *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).  To meet the "inadequate or ineffective" test, an inmate "must show that (1) his claims are based on a

retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Wesson*, 305 F.3d at 347 (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).  The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

  Tronco-Ramirez does not meet this test.  He does not rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, nor does he assert that his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion.  At best, he contends that the § 2255 remedy is inadequate or ineffective because he is barred from filing a § 2255 motion by the statute of limitations and because his prior § 2255 motion was denied.  But a petitioner's inability to file a § 2255 motion does not render the remedy under § 2255 inadequate or ineffective as necessary to proceed under the savings clause.  *Bell v. Holder,* 488 F. App'x 822, 823 (5th Cir. 2012) (finding inability to file § 2255 motion based on statute of limitations does not render § 2255 remedy inadequate or ineffective); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding prior unsuccessful § 2255 motion or inability to file a second or successive § 2255 motion does not render remedy inadequate or ineffective).  The Court concludes that Tronco-Ramirez's claims fail to satisfy the *Reyes-Requena* test, therefore, he cannot proceed under the savings clause.

**III.    Conclusion**

Since Tronco-Ramirez's claims challenge the validity of his sentence and his claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241.  Accordingly, this Petition for habeas relief is dismissed as frivolous.  *See Ojo vs. INS,* 106 F.3d 680, 683 (5th Cir. 1997) (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous").  Further, to the extent the Petition can be construed as a § 2255 motion, it is dismissed for lack of jurisdiction.  28 U.S.C. § 2255(a).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  *See Pack*, 218 F.3d at 454.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.[1]

**SO ORDERED AND ADJUDGED** this the 11th day of December, 2014.

                                               s/ *Daniel P. Jordan III*
                                               UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241.  *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).